UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM WARD,

   Plaintiff,

         v.                                  Case No. 20-cv-10283

GUIDANT GLOBAL INC., D/B/A BARTECH          UNITED STATES DISTRICT COURT
GROUP, INC.,                                JUDGE GERSHWIN A. DRAIN

   Defendant.

_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE [18]

### I. INTRODUCTION

Plaintiff William Ward ("Plaintiff") filed the instant collective action under the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages and other damages against Defendant Guidant Global, Inc. d/b/a Bartech Group Inc. ("Bartech"). ECF No. 1. Presently before the Court is Plaintiff's Motion for Conditional Certification and Court-Authorized Notice. ECF No. 18. Plaintiff's Motion is fully briefed. A hearing on this matter was held on April 21, 2021. For the reasons that follow, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Conditional Certification and Court-Authorization Notice [#18].

## II. FACTUAL BACKGROUND

Plaintiff brings this action on behalf of himself and other similarly situated workers who were paid by Bartech's "straight time for overtime" pay practice.  ECF No. 1, PageID.2.  He claims that Bartech's failure to pay overtime to the Putative Class Members, who perform job duties in furtherance of the renewable energy, engineering, information technology, and manufacturing sectors, was, and is, a willful violation of the FLSA.  *Id*. at PageID.5–6.  Plaintiff seeks to recover unpaid overtime and other damages due to him and the Putative Class Members in this collective action.  *Id.* at PageID.9.

Plaintiff presently moves for conditional certification of a class defined as:

All hourly Bartech employees who were paid straight time for overtime at any time during the past 3 years (the "Straight Time Employees").

ECF No. 18, PageID.83.  Plaintiff asserts that Bartech imposed an illegal "straight time for overtime" pay scheme on himself and the other Straight Time Employees.[1]  *Id.*  He claims that Bartech never paid him or the other Straight Time Employees at the proper time-and-a-half rate despite regularly working more than forty hours per week.  *Id.* at PageID.86.  According to Plaintiff, Bartech's overtime pay practice is "widespread and systematically applied to [him] and the Straight Time Employees."  *Id.* at PageID.87.

---

[1] At the hearing, the parties estimated that the potential class consists of approximately 300-400 Straight Time Employees.

Bartech is a managed services provider ("MSP"), meaning it provides administrative support for companies' contingent worker programs. ECF No. 20, PageID.163. Bartech explains that before 2017, it was a "separate, independent company that operated as a staffing agency and, in some instances, an MSP." *Id.* At the hearing, Bartech explained that it acts as a staffing agency. In its Response, it described Plaintiff as a temporary "Bartech-branded employee of Corporate Employment Resources, Inc., d/b/a Bartech Staffing[.]" *Id.* at PageID.164. Specifically, Bartech referred to Plaintiff as a "payroller" during his employment since he was not directly recruited for his job assignment.[2] *Id.*

Bartech sent Plaintiff an offer letter on May 1, 2017, which confirmed his assignment to NextEra Energy ("NextEra") in Rosemont, Nebraska as a Construction Manager E&C. *Id.* at PageID.234. According to Bartech, NextEra uses an MSP for its contingent worker needs. *Id.* at PageID.166. Plaintiff's offer letter included a pay rate of $67/hour. *Id.* Plaintiff commenced his assignment with NextEra on or about May 13, 2017. *Id.* at PageID.167. His last day of work was December 3, 2017. *Id.*

In his present Motion, Plaintiff argues that Bartech subjects him and other employees to the "straight time for overtime" pay scheme regardless of job position,

---

[2] Bartech provides additional background of how Plaintiff obtained his position at NextEra Energy in its Response. *See* ECF No. 20, PageID.164–67.

job duties, job location, client or hourly rate.  ECF No. 18, PageID.88.  He thus contends that he and the Straight Time Employees are similarly situated, and that conditional certification is warranted at this juncture.  *Id.*  In support of his Motion, Plaintiff submits his declaration, paystubs, and a copy of NextEra's Contingent Workforce Program interface.  He contends that he satisfies his minimal burden to establish that a class of similarly situated plaintiffs exists and were together victims of a single pay practice.  *Id.* at PageID.90, 96.  Accordingly, Plaintiff argues that notice should be issued to the Straight Time Employees.  *Id.* at PageID.90.

In its Response, Bartech opposes conditional certification, arguing that Plaintiff cannot demonstrate that he is similarly situated to the other Straight Time Employees.  ECF No. 20, PageID.168.  Bartech asserts that Plaintiff, as an exempt-classified employee, "was not entitled to overtime at time and one-half"; rather, his compensation "was expressed as an hourly payment."  *Id.* at PageID.172.  It thus argues that a straight time for overtime payment policy, as applied to Plaintiff, is not unlawful and does not demonstrate the type of widespread discriminatory conduct necessary to meet the "similarly situated" requirement.  *Id.*  Moreover, Bartech contests the sufficiency of Plaintiff's provided evidence for the Court to grant conditional certification.  *Id.* at PageID.173–77.  Bartech also emphasizes that an employee's challenge to his exempt status is "rife with individualized defenses and analyses."  *Id.* at PageID.180.

### III. LAW & ANALYSIS

#### A. Legal Standard

Section 207 of the FLSA requires employers to compensate their employees at "a rate not less than one and one-half times the regular rate" of pay for time worked in excess of forty hours in any workweek.  29 U.S.C. § 207(a)(1).  The FLSA's "collective action" provision, section 216(b), allows one or more employees to bring an action for overtime compensation on "behalf of himself…and other employees similarly situated."  29 U.S.C. § 216(b).

"Section 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action."  *Comer v. Wal-Mart Stores*, 454 F.3d 544, 546 (6th Cir. 2006).  District courts follow a two-phase process for certification in order to determine if opt-in plaintiffs and lead plaintiffs are similarly situated.  *See Williams, et al. v. K&K Assisted Living LLC, et al.*, No. 15-cv-11565, 2015 WL 7257274, at *2 (E.D. Mich. Nov. 17, 2015) (citation omitted).  First, during the "notice" stage, the court determines whether to certify the suit as a collective action, which enables potential opt-in plaintiffs to be notified of and participate in the suit.  *See id.*  Second, after the court has received all the opt-in forms and discovery has concluded, the second stage occurs wherein the court

utilizes a stricter standard to judge whether class members are similarly situated.  *See id.* (citation omitted).

At the initial "notice" stage, involved in Plaintiff's present Motion, the lead plaintiff(s) "must show only that his position is similar, not identical to the positions held by the putative class members."  *Comer*, 454 F.3d at 546–47.  Indeed, this "fairly lenient" standard requires only that the plaintiff "submit evidence establishing at least a colorable basis for [his] claim that a class of 'similarly situated' plaintiffs exist."  *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004) (citation omitted); *see also White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (citing *Comer*, 454 F.3d at 547).  This similarity can be illustrated by a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Id.* at 548 (citation and internal quotation marks omitted).  Courts do not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations at this initial stage.  *Wlotkowski v. Mich. Bell. Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010) (citation omitted).  "Rather, those tasks are addressed at the second stage."  *Fisher v. Mich. Bell Tel. Co.*, 665 F.Supp.2d 819, 826 (E.D. Mich. 2009).

If the plaintiff can meet his burden, the court may authorize notification of similarly situated employees to allow them to opt into the suit.  *See Comer*, 454 F.3d

at 546. "The court may also order the defendant to provide plaintiffs with the contact information of potential opt-in plaintiffs." *Williams*, 2015 WL 7257274, at *3 (citing *Cobus v. DuHadway, Kendall & Associates, Inc.*, No. 13-cv-14940, 2014 WL 4181991, at *2 (E.D. Mich. Aug. 21, 2014)). The court may also limit the scope of a conditional class based on the plaintiff's factual showing. *Id.*; *see also Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *6 (E.D. Mich. Mar. 23, 2012) ("[The] Court has the discretion to re-shape the class in an appropriate manner."). If the court grants collective action certification at this stage, "the certification is conditional and by no means final." *Comer*, 454 F.3d at 546–47.

"At the second stage, following discovery, trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Id.* at 547. Using a more rigorous standard at the second stage, "[d]istrict court have based their final-certification decisions on a variety of factors, including the 'factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action.'" *Bacon v. Eaton Aeroquip, LLC*, No. 11-cv-14103, 2012 WL 65657603, at *3 (citation omitted).

## B. Plaintiff Has Not Met His Burden for Conditional Certification

The FLSA does not define the term "similarly situated." *See Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F. Supp. 2d 957, 960 (W.D. Mich. 2009) (citation omitted).   To be considered "similarly situated," it is sufficient if a plaintiff's "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of those theories are inevitably individualized and distinct." *Swinney v. Amcomm Telecomm., Inc.*, No. 12-12925, 2013 WL 4507919, at *3 (E.D. Mich. Aug. 23, 2013) (citation omitted).

Here, Plaintiff contends that Bartech paid him and the Straight Time Employees the same hourly rate for all hours worked, without considering the number of hours they each worked in a week.  ECF No. 18, PageID.85.  He argues that he and the putative class members are similarly situated, and thus conditional certification is warranted at this juncture.

As indicated *supra*, Plaintiff submitted a declaration, his paystubs, and a copy of NextEra's Contingent Workforce Program interface in support of his request for conditional certification.  The Court will address Plaintiff's presented evidence and Motion under the aforementioned "fairly lenient standard" below.  *White v. Baptist Mem. Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012).

### 1.  Plaintiff's Employee Status

The parties dispute the relevance of Plaintiff's and the Straight Time Employees' status pursuant to the FLSA at this initial stage.  Bartech asserts that

NextEra considers Plaintiff's position as a Construction Manager to be an exempt position.  ECF No. 20, PageID.165.  It submits a declaration of James Lipscomb, Major Account Manager of Corestaff Support Services, who supports Corporate Employment Resources, Inc. d/b/a Bartech.  *Id.* at PageID.188.  Lipscomb asserts that Plaintiff, like a number of other workers, was placed in an "exempt administrative position."  *Id.* at PageID.190.  Plaintiff was thus paid straight time for overtime.  *Id.*  Bartech also submits an introductory email from Maria Nazario, a Bartech Recruiting Coordinator, to Plaintiff on April 3, 2017, which sets forth conditions of Plaintiff's employment as an exempt employee.  *Id.* at PageID.228.  She writes: "Since the client is requesting your services as an exempt employee, the conditions below must be met each week."  *Id.*  In light of Plaintiff's purported exempt status, Bartech contends that a straight time for overtime policy, as applied to Plaintiff, is not unlawful and fails to demonstrate the type of widespread discriminatory conduct necessary to meet the "similarly situated" requirement at this stage.  *Id.* at PageID.172.

Plaintiff contests the applicability of Bartech's exemption defense because Bartech allegedly did not pay Plaintiff or the Straight Time Employees on a salary basis pursuant to 29 C.F.R. § 541.100(a)(1); rather, Bartech "paid them hourly as reflected on their pay records[.]"  ECF No. 18, PageID.93.  At the hearing, Plaintiff pointed to a recent deposition of Lipscomb, where he asserted, "[w]e don't offer

salary" as further evidence that Bartech's pay practice cannot meet the salary basis test.[3]  The exemption defense, according to Plaintiff, is thus unavailable in this matter.  *Id.*  Nevertheless, Plaintiff maintains that Plaintiff's and the Straight Time Employees' status as exempt employees goes to the merits of this case and thus does not preclude certification.  ECF No. 21, PageID.287.  He asserts that the Court should not prematurely delve into the merits at this initial stage before discovery is complete.  *Id.* at PageID.288.

Upon review of the parties' briefs and the relevant case law, the Court agrees with Plaintiff and will accordingly decline to resolve the parties' dispute of Plaintiff's and the Straight Time Employees' employee status pursuant to the FLSA. As indicated above, the Court does not decide substantive issues on the merits at this initial stage.  *Wlotkowski v. Mich. Bell. Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010) (citation omitted); *Smith v. Guidant Glob. Inc.*, No. 19-cv-12318, 2020 WL 4883900, at *4 (E.D. Mich. Aug. 20, 2020) (citation omitted).  As another court within this District explained, "numerous courts have conditionally certified cases where the defendant relied on the administrative exemption as a defense to FLSA liability."  *Id.* at 219 (collecting cases).  More recently, another court within this District decided to abstain from determining plaintiffs' employee status and the

_____

[3] Plaintiff did not submit this evidence prior to the hearing.  The Court reviewed two specific lines of Lipscomb's deposition and permitted Bartech to respond to this presented evidence after Plaintiff's rebuttal.

relevant exemption defense under the FLSA at this preliminary stage of the proceedings. *Gallagher v. Gen. Motors Co.*, No. 19-11836, 2020 WL 3481649, at *4 (E.D. Mich. June 26, 2020); *see also Sutka v. Yazaki N. Am. Inc.*, No. 17-10669, 2018 WL 1255767, at *11 (E.D. Mich. Mar. 12, 2018) (finding it was premature to deny conditional certification to the proposed class based solely on the prospective individualized defenses identified by defendant). The Court will similarly decline to decide this substantive issue going to the ultimate merits of Plaintiff's case.

The Court will thus turn to Plaintiff's presented evidence in favor of conditional certification.

### 2. Plaintiff's Submitted Evidence

In support of his present Motion, Plaintiff principally relies on his own declaration and pay stubs to demonstrate that he and the Straight Time Employees are "similarly situated." ECF Nos. 18-1, 18-2. Plaintiff asserts that this evidence, combined with his pleadings, is more than sufficient to meet his modest factual burden at the initial stage of conditional certification. ECF No. 18, PageID.98. For the reasons set forth below, the Court disagrees.

As indicated *supra*, the Sixth Circuit has explained that a plaintiff only needs to make a "modest factual showing" under this "fairly lenient standard." *See Comer v. Wal-Mart Stores*, 454 F.3d 544, 547 (6th Cir. 2006). "Evidence presented on a motion for FLSA conditional certification need not meet the same evidentiary

standards applicable to motions for summary judgment because there is no possibility of final disposition at the first stage of collective action certification." *Williams*, 2015 WL 7257274, at *4 (citing *Fisher v. Mich. Bell Tel. Co.*, 665 F.Supp.2d 819, 826 (E.D. Mich. 2009)).  Importantly, however, while "the standard for granting conditional certification is lenient, it is not non-existent." *Anderson v. P.F. Chang's China Bistro, Inc.*, No. 16-14182, 2017 WL 3616475, at *7 (E.D. Mich. Aug. 23, 2017) (citation omitted). Courts in this District have therefore not hesitated to deny conditional class certification in FLSA actions when they have found that the evidence proffered by an individual plaintiff was too conclusory, speculative, or scant to support a finding that the members of the proposed class were similarly situated. *Sutka v. Yazaki N. Am., Inc.*, No. 17-10669, 2018 WL 1255767, at *8 (E.D. Mich. Mar. 12, 2018) (citations omitted).

In its Response, Bartech argues that Plaintiff's singular declaration is insufficient to support granting a motion for conditional certification.  Specifically, Bartech asserts that Plaintiff's allegations that he was paid straight time for overtime and that he was "never guaranteed … a salary" as an hourly employee fail to "establish a policy or practice which violates the FLSA."  ECF No. 20, PageID.175–76.  Moreover, Bartech emphasizes that Plaintiff's declaration is limited to his own experience at a specific location of employment and thus does not establish that other employees are subject to similar conditions.  *Id.* at PageID.176.

In his own declaration, Plaintiff asserts that he was paid at the same $67 hourly rate for all hours worked, including those in excess of 40 in one work week.  ECF No. 18-1, PageID.109.  He describes Bartech's alleged illegal pay policy, declaring that:

> Throughout my employment with Bartech, Bartech never guaranteed me a salary.  Instead, Bartech only ever paid me for the actual number of hours I worked.

> Bartech knows I was an hourly employee and that I was only paid for only the hours that I worked because this is what they included on my paystubs each pay period.

*Id.* at PageID.109–10.   In addition to describing his own experience, Plaintiff declares, based on his personal knowledge drawn from his experience and observations working at Bartech, his conversations with other Bartech hourly employees and supervisors, as well as his alleged familiarity with Bartech's software, paystubs, and payroll policies, that Bartech's overtime pay practice is widespread.  Specifically, Plaintiff asserts:

> I know that Bartech paid numerous other hourly employees straight time for overtime regardless of job position, job location, the client we were assigned to, our hourly rate, or any other individualized factor.

> Based on this personal knowledge, I also know that other hourly Bartech employees who were paid straight time for overtime like me regularly worked more than 40 hours a week and were only paid for the hours they worked (even when working under 40 hours a week).

*Id.* at PageID.110.  Plaintiff further declares that there is a "general interest" among the Straight Time Employees to recover their back wages through this collective action. *Id.*

At this first stage of § 216(b) certification, the Court considers "whether potential plaintiffs have been identified" and "whether affidavits of potential plaintiffs have been submitted."  *Anderson*, 2017 WL 3616475, at *7 (citation omitted).  Here, the Court finds that Plaintiff's sole declaration is insufficient to justify conditional class certification even under the lenient standard that applies at this notice stage.  Other courts within this District have routinely declined to grant conditional certification based on allegations of a single employee.  *Holmes v. Kelly Servs. USA, LLC*, No. 16-13164, 2017 WL 3381415, at *7 (E.D. Mich. Aug. 7, 2017) ("Courts have repeatedly refused to conditionally certify requested collectives where plaintiffs have likewise failed to present evidence about the other employees who would comprise the collective."); *see also Sutka*, 2018 WL 1255767, at *9 (finding that a plaintiff's declaration and supplemental declaration were insufficient to support certification); *Demorris v. Rite Way Fence, Inc.*, No. 14-cv-13777, 2015 WL 12990483, at *3 (E.D. Mich. Mar. 30, 2015) (emphasizing that the plaintiff failed to provide affidavits of other potential class members); *Cason v. Vibra Healthcare*, No. 10-10642, 2011 WL 1659381, at *2 n.3 (E.D. Mich. May 3, 2011) (denoting that the court could not identify a single case in which conditional

certification was granted based upon the allegations of a single employee).  Indeed, as another court within this District recently opined, "[e]vidence of other workers is central to the court's inquiry, serving to confirm or deny theories of common experience across geographically diverse work environments with different job responsibilities and management.  Without such evidence, Plaintiffs have not met their burden of demonstrating a 'similarly situated' class."[4]  *Gallagher*, 2020 WL 3481649, at *6 (citing *Comer*, 454 F.3d 547).

In his Reply, Plaintiff cites to this Court's recent decision in *Smith v. Guidant Global, Inc.* for the proposition that his present declaration is sufficient to demonstrate a widespread illegal pay practice.  ECF No. 21, PageID.286.  In *Smith*, the Court concluded that the plaintiff's presented evidence—which included seven other declarations in addition to plaintiff's own declaration—met the fairly lenient standard.  No. 19-cv-12318, 2020 WL 4883900, at *5 (E.D. Mich. Aug. 20, 2020).

---

[4] Importantly, this Court does not take the *Gallagher* court to impose a burden on plaintiffs to present evidence from each potential plaintiff's work experience in a diverse, nationwide class, as Bartech suggests in its Response.  ECF No. 20, PageID.178–79.  As this Court explained in *Smith v. Guidant Global Inc.*, whether a plaintiff and the potential plaintiffs worked in the same job position, at the same locations, were sourced to the same customers, or by the staffing companies, has no respect to a challenged policy.  2020 WL 4883900, at *5.  At this initial stage, the lead plaintiff "must show only that his position is similar, not identical to the positions held by the putative class members."  *Id.* (citing *Comer*, 454 F.3d at 546–47).  This Court finds the *Gallagher* decision helpful in emphasizing the importance of reviewing multiple declarations, in addition to a lead plaintiff's declaration, at this initial stage.  To reiterate once more, Plaintiff only provided his own declaration to represent his potential nationwide class.

There, this Court denoted that each declaration revealed similar allegations of fact based on the individual worker's experience in defendant's system. *Id.* Importantly, this Court distinguished cases within this District, some of which are cited above, where there was a lack of affidavits presented in support of motions for conditional certification:

> The Court thus finds the cases which Guidant cites to in its Response, *Cason v. Vibra Healthcare*, *Swinney v. Amcomm Tel., Inc.*, and *Shipes v. Amurcon Corp.*, for the proposition that Plaintiff should present more evidence to a wider scope of the collective sought, unpersuasive. *See* ECF No. 34, PageID.1489. In each of these cases, the district court emphasized the lack of affidavits presented in support of motions for conditional certification. For example, in *Cason*, the district court took issue with the plaintiff failing to identify "any other person who claims that her FLSA rights were violated" by the challenged policy. No. 10-10642, 2011 WL 1659381, at *2 (E.D. Mich. May 3, 2011). Here, Plaintiff has submitted *seven additional declarations to his own*, as well as several pay records, to support his argument that Guidant violated the FLSA for its "straight time for overtime pay scheme."

*Id.* (emphasis added).

Here, unlike the plaintiff in *Smith*, Plaintiff failed to present any other declarations besides his own in moving for conditional certification. While he identifies one other potential plaintiff in his declaration, JonMark Pierce, ECF No. 18-1, PageID.110, the Court concludes that this matter is more similar to the *Sutka* and *Cason* decisions, where the plaintiffs proffered scant evidence, rather than *Smith*, where the plaintiff submitted a total of eight declarations to represent a nationwide class. While Plaintiff need not provide evidence form individuals who

worked for every Bartech customer or at every location, he should proffer evidence to supplement his own allegations as a single employee.

As a final matter, the Court takes notice of Plaintiff's individual pay stubs. Bartech also disputes the sufficiency of this evidence.  It argues that the pay stubs demonstrate that Plaintiff "received his guarantee [pay] in most weeks, and in those few weeks when he did not, the deductions from the guarantee were permitted and therefore consistent with the salary basis requirements."  ECF No. 20, PageID.175. Bartech expands on the four weeks between May and August 2017 which Plaintiff did not "receive his guarantee" pay, asserting that each deduction, for various reasons, was lawful.  *Id.* at PageID.174–75.  For example, Bartech emphasizes that Plaintiff chose not to make up his time for the week of May 29, 2017 for personal reasons, and therefore a whole day deduction was permissible for that pay period. *Id.* at PageID.175.

As indicated *supra*, the Court does not resolve factual disputes or make credibility determinations at this first stage of § 216(b) certification.  *Wlotkowski v. Mich. Bell. Tel. Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010) (citation omitted). Accordingly, Bartech's concern with the lawfulness of the deductions in Plaintiff's pay stubs are properly raised at the second stage.  At this juncture, the Court finds that the submitted pay stubs demonstrate Bartech's straight time for overtime pay practice.  To take one example, Plaintiff's "overtime" and "regular wages" rate for

the pay period between November 13 and 19, 2017 were each $67/hour.  ECF No. 18-2, PageID.116.  The Court denotes that Plaintiff's "overtime" and "regular wages" rate never varied.  Nevertheless, Plaintiff's pay stubs fail to make up for the deficiencies of his singular declaration to establish Plaintiff is similarly situated to the Straight Time Employees.  Moreover, the Court agrees with Bartech that a copy of NextEra's Contingent Workforce Program interface, which is a screenshot of how the Straight Time Employees submit their timesheets, ECF No. 18-3, is also insufficient to overcome the scarce evidence at this initial stage, ECF No. 20, PageID.173.  Lastly, the Court finds that a singular line from Lipscomb's deposition, specifically that all associates who were paid straight time for overtime were treated the same, also does not make up for the evidentiary deficiencies.[5]  *See Langlands v. JK & T Wings, Inc.*, No. 15-13551, 2016 WL 4073548, at *3 (E.D. Mich. Aug. 1, 2016) (finding that plaintiff's attached pay stubs, a duties checklist, and a copy of their employer's handbook was insufficient to make up for the deficiencies of the employees' declarations).

---

[5] As indicated *supra*, Plaintiff shared this portion of the deposition, along with one other exchange concerning salary, at the hearing.  While the Court concludes at this juncture that this singular excerpt of the deposition is insufficient to overcome the aforementioned evidentiary deficiencies, such a finding does not preclude a later determination that this evidence, taken in tandem with other appropriate exhibits, can properly demonstrate that Plaintiff is similarly situated to the Straight Time Employees.

In sum, the case law from within this District compels this Court to conclude that Plaintiff's sole declaration in support of certification is insufficient to demonstrate he is similarly situated to the Straight Time Employees.  Further, the Court finds that Plaintiff's personal pay stubs do not make up for the declaration's deficiency.  Without more factual support, the Court is not persuaded that Plaintiff has sufficiently met his burden, despite the minimal requirements at this initial stage and while keeping in mind the broad remedial purpose of the FLSA.  *Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017).

Accordingly, the Court will deny Plaintiff's Motion at this time. However, when courts deny such motions at this stage of the proceedings, the Court still may permit discovery "to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in." 7B Wright, Miller, & Kane, Federal Practice & Procedure § 1807 (3d ed.2005) at 495–96.  The Court follows other courts within this District who have similarly denied motions for conditional certification without prejudice and finds such latitude is appropriate here.[6] *See Gallagher*, 2020 WL 3481649, at *16; *Sutka*, 2018 WL 1255767, at *12; *Anderson*, 2017 WL 3616475, at *11, *Arrington*, 2011

---

[6] In light of this conclusion, the Court will not resolve the parties' dispute of Plaintiff's proposed Notice at this time.  The Court will revisit this issue should Plaintiff file a renewed motion after gathering additional evidence.

WL 3319691, at *6. The Court will thus permit Plaintiff to gather additional evidence and move for conditional certification at a later date if appropriate.

## IV. CONCLUSION

For the reasons articulated above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Certification and Court-Authorized Notice [#18] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:         April 23, 2021

/s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 23, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager